UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAW INDUSTRIES, INC., a California Corporation,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>HANGER ORTHOPEDIC GROUP, INC. and OTTO BOCK HEALTHCARE, USA, et al.,<br><br>　　　　　　　　Defendants. | Civil No. 06cv1222-JAH(NLS)<br><br>**ORDER DENYING MOTION TO COMPEL AS MOOT AND DENYING MOTION FOR SANCTIONS** |

On December 5, 2008, Defendant Hangar Orthopedic Group, Inc. ("Hangar") filed a Motion to Compel Plaintiff Daw Industries, Inc. ("Daw") to provide response to requests for production of documents and a Request for Monetary Sanctions. The court vacated the January 7, 2009 hearing date and now decides the motion on the papers submitted. For the following reasons, the Court **Denies** Hanger's Motion to Compel as moot and **Denies** the Motion for Sanctions.

On August 11, 2008, Hanger propounded document requests upon Daw, requiring Daw to respond by September 15, 2008. (Wooten Decl. Exh. A.) On October 15, 2008, the court entered a Protective Order governing the use and dissemination of confidential information in this litigation. (Docket # 65.) Daw provided responsive documents on November 20, 2008. (Wooten Decl. ¶ 10.) Daw did not, however, provide a signed response with the production. (*Id*.) On December 2, 2008, Hanger left Daw a phone message stating that a response was needed. (*Id*. at ¶ 11.) The same day Hanger sent Daw a letter stating that the meet and confer had been futile and Hanger "had no choice"

but to move to compel and for sanctions. *(Id* at ¶ 12.)

> Federal Rule of Civil Procedure 37 states that if a Court grants a motion to compel or if the disclosure or requested discovery is provided after the motion was filed- the court must, after giving an opportunity to be heard, require the party . . . or attorney advising that conduct, or both to pay to the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court **must not** order this payment if (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's non-disclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(4)(A)(emphasis added).

In this case, an award of expenses would be unjust because Hanger did not engage in a sufficient meet and confer process and because Daw's failure to provide a verified response was substantially justified. First, a single phone call followed by a letter the same day concluding that the meet and confer effort had failed does not constitute a good faith attempt to resolve the dispute without need of court intervention. Second, as Daw explains in its opposition, the delay in providing documents and a verified response was, in part, due to the need for a protective order. The delay was also partially caused by the extensive foreign travel by one of Daw's two senior executives, Hugo Belzidsky. (Belzidsky Decl. ¶¶ 2-5.) Thus, the delay was substantially justified. Moreover, Hanger does not assert that the document production is inadequate in any way. Finally, the verified responses confirm what Daw told Hangar, that Daw has produced all responsive documents without objection. (McIntyre Decl. ¶ 8.)

While the court does not condone Daw's failure to timely comply with its discovery obligations, the circumstances presented in this motion make the award of attorney's fees unjust. Nonetheless, the parties are both hereby put on notice that any future unjustified failure to comply with discovery obligations will result in sanctions, when a motion is preceded by an adequate meet and confer process.

For the foregoing reasons, It Is Hereby Ordered that Hanger's Motion to Compel is Denied as moot and Hanger's Motion for sanction is Denied.

**IT IS SO ORDERED.**

DATED: January 8, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court