1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10  DAW INDUSTRIES, INC. a California       )   Civil No. 06cv1222 JAH (NLS)
    Corporation,                            )
11                                          )   ORDER GRANTING IN PART AND
                            Plaintiff,      )   DENYING IN PART PLAINTIFF'S
12  v.                                      )   MOTION TO RE-TAX COSTS
                                            )   [Doc. No. 188]
13  HANGER ORTHOPEDIC GROUP,                )
    INC. et. al.,                           )
14                                          )
                            Defendants.     )
15  ——————————————————————————              )

16                               **INTRODUCTION**

17          Pending before the Court is Plaintiff Daw Industries, Inc.'s ("Daw") motion to re-tax

18  costs against Defendant Hanger Orthopedic Group, Inc. ("Hanger").  Defendant filed an

19  opposition to the motion and Plaintiff filed a reply.  The motion was set for hearing but was

20  taken under submission without oral argument.  After a thorough review of the parties'

21  submissions and for the reasons set forth below, the Court GRANTS IN PART AND DENIES

22  IN PART Plaintiff's motion.

23                               **DISCUSSION**

24          Following this Court's order granting Defendant's motion for summary judgment,

25  Plaintiff objected to Defendant's cost bill and moved to tax costs against Hanger.  Although the

26  Clerk of Court, struck down some of the costs, Plaintiff argues the Clerk allowed costs that are

27  beyond those permitted by 28 U.S.C. section 1920 and Local Rule 54.1.  Plaintiff asks this

28  Court to re-tax those costs.  Specifically, Plaintiff seeks an order re-taxing costs associated with

1  depositions and copying fees.

2  **I.  Deposition Transcripts**

3        Plaintiff contends Hanger is entitled to costs of an original and one copy of a deposition

4  under Local Rule 54.1.b.3.  Plaintiff argues Defendant is entitled to $1,940.40 for the Belzidsky

5  and Marquette depositions, $950.40 and $990.00 respectively, and $1,685.70 for the

6  Anderson, Berry and Ruhl depositions for a total of $3,626.10.  Plaintiff argues the $4,4460

7  allowed by the Clerk includes $819.90 that should be re-taxed against Defendant.

8        Defendants argue its deposition costs were properly taxed against DAW.  They maintain

9  a court may tax costs in connection with certain deposition fees, including the court reporter's

10 appearance fee, exhibit fees, and shipping and handling fees.

11       Local Rule 54.1.b.3 allows "[c]osts incurred in connection with taking depositions. . ."

12 Plaintiff suggests this is limited to the costs of an original and copy of a deposition.  However,

13 there is nothing in the language of the rule to suggest such a narrow reading and Plaintiff

14 submits no authority to support its narrow reading of the rule.  Accordingly, Plaintiff fails to

15 demonstrate the Clerk of Court improperly taxed certain deposition costs.

16 **II.  Copying Fees**

17       Plaintiff contends Defendant was permitted a total of $5,224.90 for copying fees in error.

18 Plaintiff argues Hanger sought $666.95 for bates stamping but nothing in Local Rule 54.b.6.a

19 or c allows bates stamping as a recoverable cost.  Plaintiff further argues the Clerk erred by only

20 disallowing copying costs of $18 when Hanger voluntarily corrected the amount by $33.00 and

21 asks the Court to correct this computation error.  Additionally, Plaintiff argues Hanger sought

22 $222 for copies of exhibits to the motion for summary judgment that were efiled, and therefore

23 automatically served.   Plaintiff argues theses costs should be disallowed.  Plaintiff also argues

24 the $197.97 for trial exhibits are not recoverable costs because there was no trial in the case.

25       Defendant argues the copying costs were properly taxed against Plaintiff.  Defendant

26 maintains Local Rule 54.1 allows taxable costs for copies provided to the court or opposing

27 counsel by court order, rule or statute and has no trial requirement.  Defendant maintains the

28 bate labeling costs were necessarily incurred copying costs because the case involved voluminous

1  complex and sometimes duplicative documents.  Defendant further contends the Rule 16

2  meeting required an exchange of trial exhibits in the case and, therefore, the trial exhibits were

3  the result of then existing trial obligations.

4       Defendant, however, concedes there were computational errors.  Specifically, Defendant

5  maintains the fees of the court reporter should be reduced from 4,446.00 to 4,416.00 and the

6  fees for exemplification and copies should be reduced from $5,224.96 to $5,137.30.  Defendant

7  suggests the total costs taxed should be reduced from $10,020.96 to $9,903.00.

8       Plaintiff again, seeks to limit permitted costs of copying.  However, Defendant provides

9  authority that bate labeling costs are reasonable costs unless rebutted by the Plaintiff.  See ART

10 Attacks, Inc. v. MGA Entertainment, Inc., 2008 WL (S.D.Cal. 2008).  Plaintiff fails rebut

11 Defendant's assertion that bate labeling of the documents was reasonable in light of the

12 complexity of the action.  The Court further finds the costs incurred as a result of trial exhibits

13 prepared for the Rule 16 deadline are permitted costs.  Although the Court later vacated the

14 pretrial conference, Defendant already incurred the charges in preparation of the conference.

15      The Court, however, will disallow the copying costs for copies of items provided to

16 Plaintiff and Defendant Otto Bock.  Defendant points to no rule or order that required them

17 to provide copies of the efiled exhibits to the parties.  As such, the costs for copies shall be

18 reduced by $148.00.  The Court further finds it appropriate to correct the computational errors

19 noted by the parties.

20                      **CONCLUSION AND ORDER**

21      Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's motion to re-tax costs

22 is **GRANTED IN PART AND DENIED IN PART**.  The Clerk of Court's order granting costs

23 to Defendant in the amount of $10,020.96 is reduced to a total of $9,755.30 in favor of

24 Defendant, as follows:

25      Fees of the Clerk                          $350.00

26      Fees of the Court Reporter                 $4,416.00

27      Fees for Exemplification and Copies        $4,989.30

28 //

1          Total Costs Taxed                    $9,755.30

2

3   DATED:  August 23, 2012

4   _____

5   JOHN A. HOUSTON
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4